BUCHALTER NEMER
  ROBERT E. IZMIRIAN (SBN: 53805)
  MIA S. BLACKLER (SBN: 188112)
  CRAIG C. CHIANG (SBN: 209602)
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: rizmirian@buchalter.com; cchiang@buchalter.com

Attorneys for Chapter 11 Trustee
KYLE EVERETT

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC THOMAS CORPORATION, dba PACIFIC THOMAS CAPITAL, dba SAFE STORAGE,<br><br>          Debtor.<br>_____<br><br>KYLE EVERETT, CHAPTER 11 TRUSTEE,<br><br>          Plaintiff,<br><br>          vs.<br><br>RANDALL WHITNEY aka RANDALL C.M. WHITNEY aka RANDALL WORSLEY aka RANDALL C.M. WORSLEY, an individual; PACIFIC TRADING VENTURES dba SAFE STORAGE MANAGEMENT COMPANY, a California corporation; PACIFIC TRADING VENTURES, LTD. ("PTVL"), a Nevada corporation; and JILL V. WORSLEY aka V. JILL WORSLEY, an individual,<br><br>          Defendants. | Case No. 12-46534 MEH<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE KYLE EVERETT'S COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF;**<br>**(2) ACCOUNTING;**<br>**(3) TURNOVER; AND**<br>**(4) INJUNCTIVE RELIEF**<br><br>Adv. Proc. No. _____ |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1
COMPLAINT

BN 13469606v4

Case: 13-04079  Doc# 1  Filed: 04/11/13  Entered: 04/11/13 18:03:27  Page 1 of 10

Kyle Everett, the duly appointed, qualified and acting Chapter 11 Trustee (in such capacity, the "Trustee" or "Plaintiff") of the bankruptcy estate of Pacific Thomas Corporation, dba Pacific Thomas Capital, dba Safe Storage, complains and alleges as follows:

## GENERAL ALLEGATIONS

1. This action arises from a scheme by Defendants to deprive Plaintiff of the ability to recover significant funds for the bankruptcy estate of Pacific Thomas Corporation, dba Pacific Thomas Capital, dba Safe Storage ("Debtor" or "PTC"). Since the Court appointed Plaintiff as Trustee to administer and pursue assets of PTC's bankruptcy estate, Defendants have failed and refused to provide Plaintiff with the books, records, and accounts concerning the management and operation of the real property located at 2615 E. 12th Street, 2783 E. 12th Street, 2801 E. 12th Street, 1111 29th Avenue, 1113-15 29th Avenue, in Oakland, California (the "Premises"), of which PTC is the record owner.

2. Concealing and misrepresenting the true status of income and expenses from the Premises, including PTC's self-storage facilities located at 2619 East 12th Street in Oakland, California, Defendants have withheld significant funds from Plaintiff by misrepresenting that PTC had leased a significant portion of the Premises to Defendant Pacific Trading Ventures, and claiming that such lease is effective. Through this complaint, Plaintiff seeks a determination that no lease of the Premises to Pacific Trading Ventures is effective, and that the assertion that a lease of PTC's self-storage facilities to Pacific Trading Ventures exists is part of a scheme to siphon funds that properly belong to PTC's bankruptcy estate.

3. Despite Plaintiff's repeated requests to the manager of PTC's self-storage facilities – either Pacific Trading Ventures or PTVL, based on agreements signed with PTC – to review the books, records, and accounts related to PTC's self-storage facilities, Plaintiff has not received a full disclosure of the books, records, and account, thus creating a situation where Plaintiff is denied basic data of rents generated from property of PTC's estate. The Court appointed Plaintiff as Chapter 11 trustee in response to the lack of adequate and accurate disclosure of the operation of the Premises, including PTC's self-storage facilities. Because of Defendants' continuing

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 13469606v4

concealment of financial and operational data and records, this complaint is necessary to allow Plaintiff to administer PTC's bankruptcy estate.

## JURISDICTION AND VENUE

4. On August 6, 2012, PTC filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, commencing the above-captioned bankruptcy case.

5. This complaint for declaratory relief, accounting, turnover, and injunctive relief ("Complaint") constitutes the initiation of an adversary proceeding in accordance with the provisions of Federal Rules of Bankruptcy Procedure 7001 *et seq*.

6. The United States Bankruptcy Court for the Northern District of California, Oakland Division has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. This adversary proceeding is a core proceeding as that term is defined at 28 U.S.C. § 157(b)(2)(B).

## PARTIES

9. At all times herein mentioned, Plaintiff was and now is the duly-appointed, qualified and acting Chapter 11 trustee of the bankruptcy estate of PTC in its bankruptcy case pending in this Court, designated as Case No. 12-46534.

10. Plaintiff is informed and believes, and based thereon alleges, that PTC is a California corporation, and was authorized to do business in California. Plaintiff is further informed and believes that PTC is record owner of the Premises.

11. Plaintiff is informed and believes, and based thereon alleges, that Randall Whitney aka Randall C.M. Whitney aka Randall Worsley aka Randall C.M. Worsley ("Whitney") is an individual who resides in Alameda County and is the Chief Operating Officer and Chairman of the Board of PTC.

12. Plaintiff is informed and believes, and based thereon alleges, that Pacific Trading Ventures, Ltd. ("PTVL") is a Nevada corporation with its principal office within Walnut Creek, California.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 13469606v4

3
COMPLAINT

Case: 13-04079    Doc# 1    Filed: 04/11/13    Entered: 04/11/13 18:03:27    Page 3 of 10

13. Plaintiff is informed and believes, and based thereon alleges, that Pacific Trading Ventures dba Safe Storage Management Company ("PTV") is a California corporation with its principal office within Walnut Creek, California.

14. Plaintiff is informed and believes, and based thereon alleges, that Jill V. Worsley aka V. Jill Worsley ("Worsley") is the sole shareholder of PTVL and Chief Operating Officer of PTV. She is also the Secretary of the Board and a 25% shareholder of PTC. Plaintiff is further informed and believes that Worsley is the mother of Whitney.

## THE MANAGEMENT AGREEMENTS

15. Plaintiff is informed and believes, and based thereon alleges that, on or about January 9, 2003, PTC and PTVL entered into a written Management Agreement (the "Management Agreement"), through which PTVL agreed to provide property management services to PTC at PTC's self-storage facilities located at 2619 East 12th Street in Oakland, California (the "Self-Storage Facility"), which are located on, and represent a portion of, the Premises, including agreeing to maintain, to operate, to manage, and to supervise the Self-Storage Facility, in exchange for a start-up management fee of $2,500, the greater of $1,500 per month or 6% of gross revenue, among other agreed-upon compensation. A copy of the Management Agreement is attached as **Exhibit "1."**

16. Plaintiff is informed and believes, and based thereon alleges, that on or about January 1, 2011, PTC and Pacific Trading Ventures, dba Safe Storage Management Company entered into an Amended Management Agreement (the "Amended Management Agreement"), through which they agreed to amend the Management Agreement to provide for PTC's payment of the greater of $2,000 per month or 6% of gross revenue, among other agreed-upon compensation. A copy of the Amended Management Agreement is attached as **Exhibit "2."**

## THE LEASES

17. Plaintiff is informed and believes, and based thereon alleges, that one or more of the Defendants alleges that, on or about January 1, 2005, PTC and PTV entered into a 5-year written Lease of Improved Industrial/Commercial Property ("2005 Lease"), through which PTV agreed to lease buildings A-K, which purports to include the Self-Storage Facilities, and a portion

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 13469606v4

4
COMPLAINT

Case: 13-04079   Doc# 1   Filed: 04/11/13   Entered: 04/11/13 18:03:27   Page 4 of 10

of the Morse Building, consisting of 1,500 square feet, located at 2783 East 12th Street, Oakland, CA, in exchange for a monthly rental fee of $2,500 in addition to the "greater amount of $22,500 or 40% of the property net operating income proceeds…." A copy of the 2005 Lease is attached as **Exhibit "3."**

18. Plaintiff is informed and believes, and based thereon alleges, that one or more of the Defendants alleges that, on or about January 1, 2008, PTC and PTV entered into a 5-year written Lease of Improved Industrial/Commercial Property ("2008 Lease"), through which PTV agreed to lease a portion of the Morse Building, consisting of approximately 1500 square feet, located at 2783 East 12th Street, Oakland, CA, in exchange for a monthly rental fee of $2,500. A copy of the 2005 Lease is attached as **Exhibit "4."**

19. Plaintiff is informed and believes, and based thereon alleges, that one or more of the Defendants alleges that, on or about January 1, 2010, PTC and PTV entered into a written lease extension to extend the 2005 lease by another 5-years (the "2005 Lease Extension"). A copy of the 2005 Lease Extension is attached as **Exhibit "5."**

20. Plaintiff is further informed and believes, and based thereon alleges, that one or more of the Defendants alleges that, on or about August 1, 2012, PTC and PTV entered into a written Amendment and Modification to Lease (the "Amendment"), pursuant to which the 2005 Lease was modified to provide for PTV's payment to PTC of $70,000 per month. A copy of the Amendment is attached as **Exhibit "6."**

## FIRST CLAIM FOR RELIEF

### [Declaratory Relief]

21. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 20, inclusive, as though set forth in full.

22. A dispute has arisen and an actual controversy exists regarding the validity of the 2005 Lease, the 2008 Lease, the 2005 Lease Extension, and the Amendment (collectively, the "Leases"). Plaintiff is informed and believes, and based thereon alleges, that the Leases are null and void, and unenforceable against Debtor's estate.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 13469606v4

5
COMPLAINT

Case: 13-04079    Doc# 1    Filed: 04/11/13    Entered: 04/11/13 18:03:27    Page 5 of 10

23. Plaintiff is informed and believes, and based thereon alleges, that one or more of the Defendants contend that the 2005 Lease, the 2008 Lease, 2005 Lease Extension, and/or Amendment are valid.

24. A dispute has arisen and an actual controversy exists regarding the existence and effect of the Management Agreement. Plaintiff is informed and believes, and based thereon alleges, that the Management Agreement is effective.

25. Plaintiff is informed and believes, and based thereon alleges, that one or more of the Defendants contend that the Amended Management Agreement is effective.

26. A judicial determination is necessary and proper to determine Plaintiff's rights and Defendants' duties in connection with the matters alleged herein. It is appropriate for this Court to make such a declaration of rights because no adequate remedy at law exists.

## SECOND CLAIM FOR RELIEF

### [Accounting]

27. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 26, inclusive, as though set forth in full.

28. One or more of the Defendants has the information regarding the income generated from the Premises, including the Self-Storage Facilities, and the expenses incurred in connection with the Premises, including the Self-Storage Facilities.

29. An accurate accounting of the income generated from the Premises, including the Self-Storage Facilities, and the expenses incurred in connection with the Premises, can only be determined from information in the possession of one or more of the Defendants.

30. One or more of the Defendants has failed to provide Plaintiff with an accurate accounting of the income generated from the Premises, including the Self-Storage Facilities.

31. Under the Management Agreement, PTV or PTVL is obligated to make available for inspection and audit by Plaintiff the books, records, and accounts, including those relating to all receipts and disbursements, in connection with the management and operation of the Self-Storage Facilities.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

6
COMPLAINT

BN 13469606v4

Case: 13-04079    Doc# 1    Filed: 04/11/13    Entered: 04/11/13 18:03:27    Page 6 of 10

32. One or more of the Defendants has denied Plaintiff access to books, records, and accounts in connection with the management and operation of the Self-Storage Facility.

33. Plaintiff has requested a current status report of the amounts collected from the Self-Storage Facilities tenants each month since the bankruptcy filing, but has not received that information. PTV and PTVL have failed to provide any detail as to the amount Defendants have collected, and are collecting, from the Self-Storage Facilities users.

34. Plaintiff is informed and believes, and based thereon alleges, that the Self-Storage Facilities generate approximately $110,000 to $120,000 each month in rent from its users, yet Defendants have turned over no more than approximately $70,000 each month to Plaintiff. Defendants have provided Plaintiff with no explanation or document supporting the amount of funds that Defendants have failed to turn over to Plaintiff.

35. Plaintiff is informed and believes, and based thereon alleges, that because the Leases are null and void, significant rents from the Premises have been wrongly withheld from Plaintiff.

36. Plaintiff is informed and believes, and based thereon alleges, that one or more of the Defendants had maintained, and currently maintains, monthly/daily parking schedules that are necessary to determine the amount due from parking tenants of the Premises, but has not provided Plaintiff with all of these schedules, without which Plaintiff cannot determine from which parking tenant funds have been collected.

37. Plaintiff is informed and believes, and based thereon alleges, that one of more of the Defendants asserts that it made payments to third parties on behalf of PTC. However, Defendants have provided no detail to allow Plaintiff to determine what exactly have been paid on PTC's behalf.

38. Plaintiff is informed and believes, and based thereon alleges, that one or more of the Defendants has withheld funds derived from tenants of the Premises, including the Self-Storage Facility.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 13469606v4

7
COMPLAINT

Case: 13-04079    Doc# 1    Filed: 04/11/13    Entered: 04/11/13 18:03:27    Page 7 of 10

39. The amount and extent of profits and losses, and assets and liabilities, of PTC, including the amount owing to PTC by the Defendants, cannot be ascertained without an accounting of the business affairs of the Defendants.

40. Plaintiff is entitled to an accounting of the business affairs of the Defendants to ascertain such sums as may be found to be due and owing to the Debtor's estate.

## THIRD CLAIM FOR RELIEF

### [Turnover of Estate Property]

41. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 40 inclusive, as though set forth in full.

42. Plaintiff is entitled to turnover of all amounts due and owing to Debtor's estate under an accounting.

43. The amounts due and owing to Debtor's estate from the Defendants constitute property of the estate within meaning of Section 541 of the Bankruptcy Code.

44. Pursuant to Section 542(a) of the Bankruptcy Code, the Defendants are required to turn over the full amount owing to the Debtor's estate under an accounting.

45. Therefore, Plaintiff seeks a judgment against one or more of the Defendants in an amount to be determined under an accounting according to proof.

## FOURTH CLAIM FOR RELIEF

### [Injunctive Relief]

46. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1 through 45, inclusive, as though set forth in full.

47. Plaintiff seeks temporary restraining orders and/or preliminary and permanent injunctions restraining and enjoining PTVL, PTV, Whitney, Worsley, and their respective agents, employees and representatives, from interfering with Plaintiff in: (A) accessing the Premises; (B) taking possession of the Premises; (C) interfering with any of the tenants or lessees of the Premises; and (D) withholding any assets, rents, books and records relating to the Premises.

48. Plaintiff also seeks temporary restraining orders and/or preliminary and permanent injunctions restraining and enjoining Defendants and their respective agents, employees and

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

8
COMPLAINT
BN 13469606v4

Case: 13-04079    Doc# 1    Filed: 04/11/13    Entered: 04/11/13 18:03:27    Page 8 of 10

representatives, to permit Plaintiff access to the Premises to conduct such inspections as Plaintiff may reasonably require of the books and records and other purposes, and further enjoining Defendants not to obstruct or interfere with such inspections.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows.

1. A judicial determination that the Leases are null and void:

2. For an accounting as to the sums due and owing by Defendants to Debtor's estate, the sums held by Defendants for the benefit of Debtor's estate, and any expenses of the Debtor paid by PTV or PTVL;

3. For a temporary restraining order and/or preliminary and permanent injunctions restraining and enjoining Defendants and their respective agents, representatives, and all persons acting under, in concert with, or for them, from:

(a) Directly or indirectly interfering in any manner with the discharge of the Plaintiff's duties;

(b) Expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, encumbering, concealing or in any manner whatsoever dealing in or disposing of the whole or any part of the Premises;

(c) Withholding any assets, rents, books, records, or funds from Plaintiff;

(d) Denying access to the Premises; and

(e) Doing any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Premises;

//
//
//
//
//

| | | | |
|---|---|---|---|
| 1 | 4. | For costs of suit; | |
| 2 | 5. | For interest at the statutory rate; | |
| 3 | 6. | For attorneys' fees and costs; and | |
| 4 | 7. | For such other and further relief as this Court deems just and proper. | |

DATED: April 11, 2013

BUCHALTER NEMER
A Professional Corporation

By: /s/ Craig C. Chiang
Craig C. Chiang
Attorneys for Chapter 11 Trustee
KYLE EVERETT

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 13469606v4