Form ODIS

**Entered on Docket
April 15, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

# UNITED STATES BANKRUPTCY COURT
## Northern District of California

| | |
|---|---|
| In Re:<br>Pacific Thomas Corporation<br>Debtor(s) | Case No.: 12–46534 Chapter: 11 |
| Kyle Everett<br>Plaintiff(s)<br>vs.<br>Randall Whitney et al.<br>Defendant(s) | Adversary Proceeding No. 13–04079 |

## ORDER RE INITIAL DISCLOSURES AND DISCOVERY CONFERENCE

The purpose of this order is: (1) to notify the parties of their obligation under Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, to make Initial Disclosures and meet for a Discovery Conference; and (2) to modify those Rule 26 requirements in certain respects. As such, this order has no effect in any proceeding exempted under Rule 26(a)(1)(E) and (f) from the Initial Disclosure and Discovery Conference requirements.

**1. The Discovery Conference.** At least 21 calendar days before the status conference scheduled in the summons, the parties shall confer (in person or by telephone) at a "Discovery Conference." Plaintiff shall initiate contact regarding arrangement of the Discovery Conference. Defendant shall cooperate in fixing the time and place of the Discovery Conference. Except to the extent the parties stipulate otherwise, no party shall initiate or conduct any formal discovery prior to the Discovery Conference. The parties may conduct informal discovery.

**2. Settlement.** At the Discovery Conference, the parties shall consider the nature and basis of their claims and defenses and the possibility of an early settlement. The parties shall also discuss ADR options, as required by B.L.R. 9040–3.

**3. Initial Disclosures.** At the Discovery Conference, the parties shall arrange to make the "Initial Disclosures" required by Rule 26(a), without necessity of a formal discovery request. The Disclosures shall be made at or within 14 calendar days after the Discovery Conference. All disclosures shall be in writing, signed by the party or his or her attorney, and served on all other parties.

**4. Discovery Plan.** Unless:
   (a) the proceeding is exempt under Rule 26(f);
   (b) the proceeding seeks to recover money or property, or except a debt from discharge pursuant to 11 U.S.C. §523(a), of no more than $15,000, excluding interest, attorneys, fees, and costs; or
(c) the parties stipulate to the contrary in a writing filed with the court; the parties shall, at the Discovery Conference, also develop a written Discovery Plan signed by all parties or their counsel, that reflects the parties' views and proposals concerning: (i) what changes, if any, should be made in the timing, form, or requirements of the Initial Disclosures; (ii) the timing, subject matter, and limitations, if any, of discovery to be conducted after the initial disclosures; and (iii) the subject of any orders that the court should enter under Fed.R.Bankr.P. 7016(b) and (c) and 7026(a)(1). The Discovery Plan shall be filed within 14 calendar days after the Discovery Conference.

**5. Pretrial Disclosures.** Notwithstanding Rule 26(a)(3), pretrial disclosures shall be made in accordance with further order of the court.

**6. Service hereof.** The summons, complaint, and this order shall be served by the plaintiff within 14 days of the date of this order. A return or proof of service shall be filed within 5 days after service.
SO ORDERED.

Dated: 4/15/13

For the Court:

Gloria L. Franklin
Clerk of Court
United States Bankruptcy Court

I certify that a copy of this Order was returned to the plaintiff at the time the original summons was issued.

Dated: 4/15/13

Phyllis L. Wright
Deputy Clerk

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

## NOTICE

**PLAINTIFF IS REQUIRED TO SERVE A COPY OF THIS NOTICE TO ALL PARTIES.**

**PLAINTIFF IS ALSO REQUIRED TO SERVE A COPY OF THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM INFORMATION SHEET ON ALL PARTIES.**
The Information Sheet is available at the clerk's office and on the court's web site.

1. DISMISSAL may be ordered at the Status Conference if the plaintiff fails to appear.

2. DEFAULT may be entered against defendant of plaintiff's request, if plaintiff files a proof of service and defendant fails to file timely an answer or a responsive motion, and appear at the Status Conference. If appropriate, a default hearing may be set at the Status Conference. Relief from default may be granted only on stipulation or after hearing on noticed motion.

3. MEET AND CONFER The parties are required to meet and confer at least once before the scheduled Status Conference to discuss settlement of the Adversary Proceeding. The parties shall be prepared to represent to the Court at the Status Conference that they have complied with this requirement unless good cause exists for their failing to do so. At the Status Conference, the Court may direct the parties to conduct further settlement negotiations prior to setting the Adversary Proceeding for trial.

4. MOTIONS The parties will be expected to comply with BLR 9013-1 of the Local Rules of the Local Rules of the U.S. District Court for the Northern District of California. The notices hearing date and time shall appear on the cover page of each motion, opposition, reply and all supporting papers in accordance with BLR 1005-1. An extra copy of each paper, marked "copy", "Judge's copy" or "Law Clerk copy" in the upper right corner shall be lodged with the Clerk pursuant to BLR 1002-2 at the time the original is submitted.

5. ORDERS after contested hearing or trials, that is, no stipulations or defaults, will not be considered by the Court unless the non-prevailing party has approved it as to form or the proposed order is served on the non-prevailing party, the proof of service is filed with the Clerk and the Clerk has lodged the order for seven (7) calendar days. See BLR 9021-1.

6. CALENDAR CLERKS TELEPHONE NUMBERS:
   Ruby Bautista         Judge M. Elaine Hammond    879-3529
   Monica Narcisse       Judge Roger L. Efremsky    879-3541
   Dianna Passadore      Judge William J. Lafferty  879-3533

rev. 2/2/2012

# Instructions for Parties

The Bankruptcy Court for the Northern District of California (the "Court") has established an alternate dispute resolution program known as the Bankruptcy Dispute Resolution Program ("BDRP" or the "Program"). The Bankruptcy Local Rules governing the BDRP are located at **B.L.R. 9040 et seq**. Copies of the BDRP Rules are available from the Clerk's Office or the Court website at www.canb.uscourts.gov > *Rules and Procedures* > *Bankruptcy Dispute Resolution Program* > **Rules and Procedures for BDRP**.

Subject to a few exceptions (see, **B.L.R. 9041-1**), the BDRP is available to parties, whether or not represented by counsel, in all controversies arising in an adversary proceeding, contested matter or other dispute in a bankruptcy case.

The BDRP offers a means to resolve disputes quickly, at less cost and often without the stress and pressure of litigation. The Program utilizes the services of trained Resolution Advocates (an "RA") to assist the parties in resolving their dispute, is entirely voluntary and has a modest charge of $100 per side. The charge may be waived in whole or part at the discretion of the RA assigned to the matter.

The Court may, with the agreement of the parties, refer a matter to the BDRP at any time, but typically such a referral may be made at a Case Management Conference, a Status Conference or at a hearing. Additionally, the parties may, at any time, submit a stipulated order requesting that a matter be referred to the BDRP. The stipulated order shall state that all parties to the dispute agree to the BDRP referral.

The following steps shall be taken whether a matter is referred to the BDRP by the Court, or by a request of the parties:

**1)** The parties to a dispute are to confer and select an RA and an Alternate RA who offer their services in the geographic area desired by the parties (e.g. Oakland, San Francisco, San Jose, Santa Rosa, Eureka and Salinas/Monterey). A **biographical listing of all RAs**, and a separate list showing the **availability of each RA by geographic area**, are available for reference in the Clerk's Office and posted outside each courtroom, or may be obtained from the courtroom deputy or the Court

website at www.canb.uscourts.gov > *Rules and Procedures > Bankruptcy Dispute Resolution Program > Resolution Advocate Biographical Information* and *> Resolution Advocate Availability By Location*. Selection of an RA and Alternate RA shall be made **only** from these lists. The parties may wish to contact an RA to determine his or her current availability to undertake a BDRP referral.

**2)** After selection of an RA and Alternate RA, the parties must file a completed **Stipulation to Appoint Resolution Advocate** and also complete and submit to the Court an **Order Appointing Resolution Advocate** for approval. If the submitting party is *not* a CM/ECF electronic filer with this Court, such party shall submit **two paper copies** of the Order, together with a postage-paid envelope addressed to the submitting party. The Clerk's Office will use the postage-paid envelope to mail the submitting party a copy of the signed Order.

**3)** Upon receipt of the signed Order referring the matter to BDRP, the submitting party *shall* immediately serve a copy of the Order on the RA, the Alternate RA and all parties to the dispute.

Upon receiving a copy of the signed Order, the appointed RA will contact the parties. The RA, in conjunction with the parties, will determine a time, place and format for a BDRP conference. Possible formats include:

**Facilitation** - A collaborative process in which the RA functions as a neutral providing information about the process. The RA does not make substantive contributions regarding the merits of the dispute or possible settlements. As a facilitator, the RA helps the parties define the issues and thereby increase the likelihood that the *parties* will reach a consensus.

**Mediation** - A flexible non-binding, confidential process in which the RA functions as a neutral mediator to facilitate negotiations among the parties to help them reach a settlement. The mediator's goals include improving communication across party lines, helping parties articulate their interests and understand those of the their opponent, probing the strengths and weaknesses of each party's legal positions, helping identify areas of agreement and generating options for a mutually agreeable resolution to the dispute. The mediator generally does not give an overall evaluation of the case. A hallmark of mediation is its capacity to expand traditional

settlement discussion and broaden resolution options often by going beyond the legal issues in the controversy.

**Early Neutral Evaluation** - The parties and their counsel, in a confidential session, present summaries of their dispute to and receive a non-binding assessment from the RA as an experienced neutral professional with subject-matter expertise.  As an evaluator the RA also helps identify areas of agreement, provides case-planning guidance and, if requested by the parties, settlement assistance.

The formats described here are **non-binding, voluntary, and confidential**.  Other formats, with the exception of arbitration, may be used by agreement and at the discretion of the parties and the RA.

All rules, instructions, certifications, forms, lists, orders and other documents and information necessary to comply with the BDRP requirements are available on the Court website at www.canb.uscourts.gov > *Rules and Procedures > Bankruptcy Dispute Resolution Program >* **Bankruptcy Dispute Resolution Program Procedures & Forms**.

If you have any questions, please contact the BDRP Staff Administrator, Ron Mastroianni at (415) 268-2341 or ron_mastroianni@canb.uscourts.gov.

*Rev. 10/3/2012*