BUCHALTER NEMER
  ROBERT E. IZMIRIAN (SBN: 53805)
  MIA S. BLACKLER (SBN: 188112)
  CRAIG C. CHIANG (SBN: 209602)
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: rizmirian@buchalter.com; cchia

Attorneys for Chapter 11 Trustee
KYLE EVERETT

The following constitutes
the order of the court. Signed May 14, 2013

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC THOMAS CORPORATION, dba<br>PACIFIC THOMAS CAPITAL, dba<br>SAFE STORAGE,<br><br>Debtor.<br>_____<br><br>KYLE EVERETT, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>RANDALL WHITNEY aka RANDALL C.M. WHITNEY aka RANDALL WORSLEY aka RANDALL C.M. WORSLEY, an individual; PACIFIC TRADING VENTURES dba SAFE STORAGE MANAGEMENT COMPANY, a California corporation; PACIFIC TRADING VENTURES, LTD. ("PTVL"), a Nevada corporation; and JILL V. WORSLEY aka V. JILL WORSLEY, an individual,<br><br>Defendants. | Case No. 12-46534 MEH<br><br>Chapter 11<br><br><br><br><br><br>Adv. Proc. No. 13-04079<br><br>**ORDER ADDRESSING BUSINESS RECORDS AND PREMISES RENTS**<br><br>Date: April 26, 2013<br>Time: 1:00 p.m.<br>Place: 1300 Clay Street, Courtroom 215<br>        Oakland, California<br>Judge: Hon. M. Elaine Hammond |

1

ORDER ADDRESSING BUSINESS RECORDS AND PREMISES

The Court's Order to Show Cause for Preliminary Injunction came on for hearing on April 26, 2013 at 1:00 p.m. in the above-referenced Court. Mia S. Blackler and Craig C. Chiang appeared on behalf of Kyle Everett, Chapter 11 Trustee (the "Trustee"), David Sternberg and Jacob Barlev appeared on behalf of Pacific Trading Ventures and Jill Worsley, Walter Gouldsbury III appeared on behalf of Bank of the West, Eric Nyberg appeared on behalf of Summit Bank. Randall Whitney appeared pro per. All other appearances are as noted in the record. The Court has considered all pleadings, declarations, exhibits and other documentary evidence presented at, and prior to, the hearing, as well as all oral arguments made at the hearing.

**IT IS HEREBY ORDERED:**

A. Pacific Thomas Corporation, dba Pacific Thomas Capital, dba Safe Storage (the "Debtor"), and its respective officers, agents, servants, employees and all other persons who are in active concert or participation, and Randall Whitney must turn over to the Trustee, in whichever medium that the Trustee may request, including direct access, all of Debtor's files, including, but not limited to, all electronic mail received by or sent from the domain account www.pacificthomas.com. The aforementioned electronic mail may include electronic mail which is now, or at any time has been associated with the GoDaddy.com Account Number 4693252; it may also include electronic mail which is now or at any time has been stored on an exchange server that is owned by a related entity, whether Randall Whitney or any other party believes that an electronic mail does not relate to the Debtor. Provided that, Randall Whitney shall not be required to turn over electronic mail that is subject to the attorney-client privilege of Randall Whitney for any matters other than those involving Debtor. Randall Whitney may be required to prepare and provide a log of all such privileged email correspondence.

B. Pacific Trading Ventures dba Safe Storage Management Company ("PTV"), Pacific Trading Ventures, Ltd. ("PTVL"), and Jill Worsley (collectively, the "PTV Defendants"), and their respective officers, agents, servants, employees and all other persons who are in active concert or participation, must turn over to the Trustee all electronic and hard copies of the business records of PTV and PTVL, which the Trustee is permitted to share only with members of his office, his counsel, his accountants, his broker, and any other professional that the Trustee

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 1394377v3

2
ORDER ADDRESSING BUSINESS RECORDS AND PREMISES

Case: 13-04079   Doc# 26   Filed: 05/14/13   Entered: 05/14/13 18:00:37   Page 2 of 6

may employ (the "Professionals"). The Professionals will not disseminate such business records to third parties, subject to further Court order. The Trustee is permitted to share summaries of the business records of PTV and PTVL with Bank of the West, Summit Bank, and their attorneys (the "Bank Parties"). The Bank Parties will not disseminate such business records to third parties, except for the purpose of obtaining appraisals, and otherwise subject to further Court order. The PTV Defendants must provide the Trustee with all business records of PTV and PTVL, whether existing now or in the future, including, but not limited to, the following information:

1. A detailed accounting of all funds received, or disbursed, by the PTV Defendants, on behalf of the Debtor, including, but not limited to, the eleven buildings that are utilized as self-storage facilities (the "Safe Storage Facility") at real property of which the Debtor is record owner, including real property located at 2615 E. 12th Street, 2783 E. 12th Street, 2801 E. 12th Street, 1111 29th Avenue, 1113-15 29th Avenue, and adjacent parking lots, in Oakland, California (the "Premises") for each of the 12 months immediately prior to the Debtor's bankruptcy filing date of August 6, 2012 (the "Petition Date") and each of the months from the Petition Date through the present, including, but not limited to, access to all system and source data for all the funds received or disbursed in connection with the Safe Storage Facility to the extent not already provided to the Trustee;

2. All books and records, including, but not limited to, all banking statements and cancelled checks, detailing all funds received, or disbursed, by non-debtor entities, on behalf of the Debtor in connection with the Premises, including, but not limited to, the Safe Storage Facility, for each of the 12 months immediately prior to the Petition Date and each of the months from the Petition Date through the present, including, but not limited to, access to all system and source data;

3. A historical rent roll, for each of the 12 months immediately prior to the Petition Date and each of the months from the Petition Date through the

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 1394377v3

ORDER ADDRESSING BUSINESS RECORDS AND PREMISES

Case: 13-04079    Doc# 26    Filed: 05/14/13    Entered: 05/14/13 18:00:37    Page 3 of 6

present, for all properties owned by the Debtor, including tenant payment dates, check numbers, and payment amounts, the period for which the tenant payments were made, and the current tenant unpaid balances;

4. All monthly expense reconciliations between the Debtor and PTV and/or PTVL; and

5. For each transfer that PTV and/or PTVL has made to PTC since the Petition Date, (i) the check number (or identification of wire transfer), (ii) the transfer date, (iii) the tenant(s) for which the transfer is made, and (iv) the location of the property and number of spaces used if it is for parking.

C. The PTV Defendants will provide the Trustee with all records to all bank accounts to which funds generated from the Premises, including the Safe Storage Facility, are deposited.

D. The PTV Defendants will make available for the Trustee's review, in the presence of the PTV Defendants, all electronic mail sent and received by the PTV Defendants. In the event that the Trustee and the PTV Defendants agree that the electronic mail constitutes business records of PTV or PTVL, the Trustee may obtain a copy of such electronic mail. Any dispute whether any email constitutes business records of PTV and PTVL, and subject to turn over to the Trustee, will be resolved by the Court via a telephonic conference.

E. The Trustee and Jill Worsley will make reasonable efforts to meet once a week to review the business records and operations of PTV and PTVL.

F. Any pleading filed by the Trustee in the above-captioned adversary proceeding or the Debtor's main bankruptcy case containing bank account data that the Trustee obtained solely from the PTV Defendants and not by any other means will be filed under seal, unless the Court orders otherwise.

G. The PTV Defendants will transfer all proceeds generated from the Premises to the Trustee, except that, as to proceeds generated solely from funds received from the tenants/users of the Safe Storage Facility, the PTV Defendants will transfer to the Trustee the total of at least $70,000 each month, consisting of a $35,000 transfer/payment each on the 5th and 20th days of each month. Conditioned on the payment of $70,000 to the Trustee in the month of May 2013, ,

4

ORDER ADDRESSING BUSINESS RECORDS AND PREMISES

Case: 13-04079   Doc# 26   Filed: 05/14/13   Entered: 05/14/13 18:00:37   Page 4 of 6

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 13943779v3

1  PTV and/or PTVL may utilize $30,000 of additional proceeds generated solely from funds received from the tenants/users on account of the Safe Storage Facility for operations and other costs which benefit the Premises during the month of May 2013.

H.  All proceeds generated solely from funds received from the tenants/users of the Safe Storage Facility will be initially deposited into one of two accounts utilized by the PTV Defendants, at least until May 26, 2013, after which time the Court may direct otherwise. The Trustee will have full access to review the accounts of PTV and PTVL to which proceeds generated from funds received from the tenants/users of the Safe Storage Facility have been deposited.

I.  On or before May 13, 2013, the PTV Defendants will propose an expense budget to the Trustee identifying how the PTV Defendants propose to use proceeds generated from funds received from the tenants/users of the Safe Storage Facility in excess of the minimum $70,000 to be turned over to the Trustee. Any dispute over the use of funds received from the tenants/users of the Safe Storage Facility in excess of the minimum $70,000 to be turned over to the Trustee will be resolved by the Court.

J.  Nothing set forth in this Preliminary Injunction and Order affects the ability of the Trustee or the PTV Defendants from asserting rights as to funds received from the tenants/users of the Safe Storage Facility.

K.  A continued status conference is set for May 23, 2013 at 3:00 p.m.

**IT IS SO ORDERED.**

\*\*\*\*

Approved as to form and content:

 /s/ David M. Sternberg_____
David M. Sternberg & Associates
Counsel to PTV and Jill Worsley

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

5
ORDER ADDRESSING BUSINESS RECORDS AND PREMISES
BN 1394377v3

Case: 13-04079   Doc# 26   Filed: 05/14/13   Entered: 05/14/13 18:00:37   Page 5 of 6

COURT SERVICE LIST

Jill Worsley
30 Creek Tree Lane
Alamo, CA 94507-1916

Pacific Thomas Corporation
Dba Safe Storage Management Company
1818 Mt. Diablo Blvd., Suite D
Second Floor
Walnut Creek, CA 94596

Randall Whitney
Jill Worsley
Pacific Thomas Corporation
1818 Mt. Diablo Blvd., Suite D
Walnut Creek, CA 94596

Randall Whitney
5215 Masonic Avenue
Oakland, CA 94618-2631

Randall Whitney
2615 East 12th Street
Oakland, CA 94601

Roger Huddleston
c/o Nicholas P. Hulchiy
Belzer, Hulchiy & Murray
3650 Mt. Diablo Blvd., 1130
Lafayette, CA 94549-6820

Roger W. Worsley
1997 Ascot Drive #B
Moraga, CA 94556

Stephen Thomas Worsley
2458 Pamino Way
Pleasanton, CA 94566

Timothy Brophy
395 Civic Drive, Suite J
Pleasant Bill, CA 94523-1951

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

6
ORDER ADDRESSING BUSINESS RECORDS AND PREMISES
BN 1394377/9v3

Case: 13-04079   Doc# 26   Filed: 05/14/13   Entered: 05/14/13 18:00:37   Page 6 of 6