BUCHALTER NEMER
  ROBERT E. IZMIRIAN (SBN: 53805)
  CRAIG C. CHIANG (SBN: 209602)
  IVO KELLER (SBN: 245909)
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: rizmirian@buchalter.com; cchiang@buchalter.com

Attorneys for Chapter 11 Trustee
KYLE EVERETT

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re | Case No. 12-46534 MEH |
| PACIFIC THOMAS CORPORATION, dba PACIFIC THOMAS CAPITAL, dba SAFE STORAGE, | Chapter 11 |
| Debtor. | |
| KYLE EVERETT, CHAPTER 11 TRUSTEE, | Adv. Proc. No. 13-04079 |
| Plaintiff, | **CHAPTER 11 TRUSTEE KYLE EVERETT'S OPPOSITION TO DEFENDANT RANDALL WHITNEY'S MOTION TO DISMISS ADVERSARY COMPLAINT** |
| vs. | |
| RANDALL WHITNEY aka RANDALL C.M. WHITNEY aka RANDALL WORSLEY aka RANDALL C.M. WORSLEY, an individual; PACIFIC TRADING VENTURES dba SAFE STORAGE MANAGEMENT COMPANY, a California corporation; PACIFIC TRADING VENTURES, LTD., a Nevada corporation; and JILL V. WORSLEY aka V. JILL WORSLEY, an individual, | |
| Defendants. | |

Plaintiff Kyle Everett, the duly appointed, qualified and acting Chapter 11 trustee ("Trustee") of the bankruptcy estate of Pacific Thomas Corporation dba Pacific Thomas Capital dba Safe Storage ("PTC") hereby responds to the Motion to Dismiss Adversary Complaint (the "Motion") filed in the above-captioned Adversary Proceeding by defendant Randall Whitney ("Whitney"). The Trustee's Complaint alleges sufficient facts to state the claims for relief asserted against Whitney under the federal "notice pleading" standard.

## I.

## STATEMENT OF PERTINENT FACTS

On April 11, 2013, the Trustee filed a Complaint against Whitney and co-defendants Pacific Trading Ventures, Pacific Trading Ventures, Ltd., and Jill V. Worsley (collectively, the "Defendants"). The Complaint alleges that the Defendants have failed and refused to provide the Trustee with the books, records, and accounts concerning the management and operation of certain real property owned by PTC in Oakland, California (the "Premises"). Complaint, ¶1. The Complaint further alleges that the Defendants have withheld significant funds from the Trustee by misrepresenting that PTC had leased a significant portion of the Premises to defendant Pacific Trading Ventures, and by claiming that the lease is effective. Complaint, ¶2. Based on these allegations, the Complaint asserts claims for Declaratory Relief, Accounting, Turnover, and Injunctive Relief against all of the Defendants.

Each claim adds further pertinent factual allegations. The Declaratory Relief claim alleges that there is an actual controversy between the Trustee and the Defendants over whether the purported leases of the Premises are null and void. Although the Complaint does not go into further detail regarding the bases for the parties' respective contentions on this issue, and further detail is not necessary given the federal "notice pleading" standard for complaints, in an Emergency Motion for Issuance of Temporary Restraining Order, etc., Doc. No. 3 filed April 11, 2013 (the "Emergency Motion"), the Trustee provided significant evidentiary support for his position that the leases are void. Further detail is alleged in subsequent pleadings filed by the Trustee, including those recently filed in support of his pending Motion to Sell Real Property Free and Clear of Certain Interest scheduled for hearing concurrently with the Motion.

2

CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT WHITNEY'S MOTION TO DISMISS
Case: 13-04079    Doc# 34    Filed: 06/13/13    Entered: 06/13/13 12:42:37    Page 2 of 10
BN 14261895v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

In the claims for Accounting, Turnover, and Injunctive Relief, the Complaint alleges that the Defendants have failed to turn over and provide access to information regarding the Premises' income and expenses; that any funds being withheld from the Trustee are property of the bankruptcy estate and must therefore be turned over; and that the Court should require the Defendants to permit the Trustee to inspect the Defendants' books and records, which allegations formed the basis for this Court's Orders of April 12, May 14, and May 23, 2013.

On May 13, 2013, Whitney filed the Motion, which seeks dismissal of the Complaint without leave to amend.[1] The Motion argues that the Complaint "states no legal reasons why the leases to Pacific Trading Ventures might not be effective." Motion at 4:23-24. The Motion also argues that the Complaint is defective because it fails to state what amounts must be turned over to the Trustee, despite the fact that the Complaint alleges that these amounts cannot be determined until the Trustee is given access to the Defendants' books and records. Motion at 5:14; Complaint, ¶29. Finally, the Motion asserts that the Trustee's attorneys should be denied any attorneys' fees relating to this Adversary Proceeding through the Court's decision on the Motion, notwithstanding the fact that no request to approve attorneys' fees has yet been filed. Motion at 7:17-8:1. As discussed in detail below, each of these arguments lacks merit.

## III.

## LEGAL ARGUMENT

**A.  The Complaint Alleges Sufficient Facts to State a Claim.**

Under Federal Rules of Civil Procedure ("FRCP"), Rule 8(a)(2), "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."[2] Except in a few instances where heightened pleading standards are imposed (none of which exist here), <u>a complaint need not contain detailed factual allegations supporting the claim for relief</u>. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit* (1993) 507 U.S. 163, 168. Instead, a complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*

---

[1] The remaining Defendants filed an Answer on May 22, 2013.
[2] FRCP Rule 8(a)(2) is made applicable to this proceeding by Federal Rules of Bankruptcy Procedure ("FRBP"), Rule 7008.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

(2007) 550 U.S. 544, 555 (quoting *Conley v. Gibson* (1957) 355 U.S. 41, 47). The allegations of the complaint should be liberally construed so as to do substantial justice. *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1482 (9th Cir. 1986).

Here, the Complaint gives Whitney fair notice of the claims against him and the grounds upon which they rest. The Complaint alleges that Whitney and the other Defendants are in possession of the books, records, and accounts concerning the management of the Premises, and have failed to turn them over to the Trustee despite the fact that the Trustee, as the administrator of PTC's bankruptcy estate, is entitled to them. The Complaint further alleges that the Defendants have withheld funds from the Trustee in violation of the Bankruptcy Code, based on the Defendants' contention that the leases of the Premises are effective when, in fact, the leases are null and void. All of the counts asserted in the Complaint stem from this common nucleus of factual allegations.

The Motion argues that the Complaint is deficient because it does not state the "legal reasons" or the "legal basis" for various contentions made in the Complaint. *See*, e.g., Motion at 4:23, 5:1, 5:17, 5:22. However, under the federal "notice pleading" standard, a complaint is not required to provide legal theories. *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories." Emphasis in original.). Accordingly, no further allegations regarding the Trustee's "legal reasons" are required.

The Motion also criticizes the Complaint for alleging "that the trustee is entitled to a turnover of 'all amounts due and owing to Debtor's estate' without stating what these amounts are alleged to be." Motion, 5:13-14. However, the Complaint expressly alleges that the information necessary to determine what amounts are due from the Defendants is contained in the very books and records that the Defendants have wrongfully refused to provide to the Trustee. To dismiss the Complaint for its lack of specificity in this regard would be to reward the Defendants for their unlawful refusal to turn over documents to which the Trustee is entitled.

The Complaint alleges facts sufficient to put the Whitney on notice of the Trustee's claims against him. These allegations therefore satisfy the governing pleading standards.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

4
CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT WHITNEY'S MOTION TO DISMISS
BN 14261895v1

Case: 13-04079   Doc# 34   Filed: 06/13/13   Entered: 06/13/13 12:42:37   Page 4 of 10

**B.      If the Court Grants The Motion, It Should Grant Leave to Amend.**

The Trustee believes that the Complaint's factual allegations are legally sufficient, but if the Court disagrees, then it should grant the Trustee leave to amend the Complaint. Under FRCP Rule 15(a)(2), "The court should freely give leave [to amend the complaint] when justice so requires."[3]  The Supreme Court has held that a court may deny leave to amend only where there is an "apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the [party moving for leave to amend], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis* (1962) 371 U.S. 178, 183.

Here, Whitney has made no showing of any such reason to deny leave to amend. The evidence that the Trustee presented in support of his Emergency Motion shows that there is ample reason to believe that the leases of the Premises are null and void. If the Court finds it necessary to include further allegations stating those reasons in a complaint, then the Court should give the Trustee leave to amend his Complaint to allege these additional facts.

**C.      The Motion's Argument Regarding Attorneys' Fees Is Improper And Premature.**

Finally, the Motion argues that the Court "should not approve any attorney's fees for the trustee's attorneys relating to the adversary proceeding up through the hearing and decision on this motion because they obviously [are] of no value to the estate." Motion, 7:17-19. Not only is this argument not an appropriate subject of a motion to dismiss under FRCP Rule 12(b)(6), but also the argument is premature, as the Trustee has not yet applied for payment of the fees of his professionals. Whitney's objection to attorney's fees at this point is both unmeritorious and procedurally improper.

//

//

//

---

[3] Rule 15(a)(2) is made applicable to this proceeding by FRBP Rule 7015.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

# IV.

# CONCLUSION

The Complaint alleges sufficient facts to state claims for relief against Whitney under the liberal federal pleading standards. This Court should therefore deny Whitney's motion in its entirety.

DATED: June 12, 2013

BUCHALTER NEMER
A Professional Corporation


By: /s/ Ivo Keller
    Ivo Keller
    Attorneys for Chapter 11 Trustee
    KYLE EVERETT

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 55 Second Street, Suite 1700, San Francisco, CA 94105-3493.

On the date set forth below, I served the foregoing document described as:

**CHAPTER 11 TRUSTEE KYLE EVERETT'S OPPOSITION TO DEFENDANT RANDALL WHITNEY'S MOTION TO DISMISS ADVERSARY COMPLAINT**

on all other parties and/or their attorney(s) of record to this action as follows:

| | |
|---|---|
| **Lynette C. Kelly**<br>U.S. Office of the U.S. Trustee<br>1301 Clay St.<br>Oakland, CA 94612 | **Anne-Leith Matlock**<br>Matlock Law Group, P.C.<br>1485 Treat Blvd. #200<br>Walnut Creek, CA 94597 |
| David M. Sternberg, Esq.<br>David M. Sternberg & Associates<br>540 Lennon Lane<br>Walnut Creek, CA 94598 | |

## 20 Largest Unsecured Creditors

| | |
|---|---|
| Darrow Family Partners<br>Thomas Capital Investments<br>Buhla R. Darrow Trust<br>Thomas Koolaupoko Inv.<br>A.M. Tarbell Trust<br>Edwin Thomas Revocable Living Trust<br>c/o Darrow / Whitney<br>1600 Ala Moana #1112<br>Honolulu, HI 96815 | Summit Bank<br>2969 Broadway<br>Oakland, CA 94694 |
| Richard Douglas Worsley<br>31012 Dulce<br>Temecula, CA 92592 | Wendel, Rosen, Black & Dean LLP<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607-4139<br>Attn: Elizabeth Berke-Dreyfuss, Esq. |
| CBRE, Inc.<br>355 S. Grand Ave., Suite 2700<br>Los Angeles, CA 90071 | KCA Engineers, Inc.<br>318 Brannan Street, St # 2<br>San Francisco, CA 94107 |
| Baird Holm Attorneys At Law<br>1500 Woodmen Tower<br>Omaha, NE 68102 | Timothy Brophy, CPA, MBA<br>395 Civic Drive, Suite 5<br>Pleasant Hill, CA 94523 |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

| | |
|---|---|
| Wendel Roesn Black & Dean, LLP<br>P.O. Box 2047<br>Oakland, CA 94604-2047 | Charles M. Salter Associates, Inc.<br>130 Sutter St, Suite 500<br>San Francisco, CA 94104 |
| BKD, LLP<br>8001 Broadway, Suite 400<br>Merrillville, IN 46410-5552 | Environmental Science Assoc., Inc.<br>350 Frank Ogawa Plaza, Suite 300<br>Oakland, CA 94612 |
| Bank of the West<br>PO Box 515274<br>Los Angeles, CA 90051-6574 | Doris Rydman<br>1320 Pearl St.<br>Alameda, CA 94501 |
| Jill V. Worsley<br>30 Creek Tree Lane<br>Alamo, CA 94507 | DMJM Harris/Korve Engineering, Inc.<br>1178 Paysphere Circle<br>Chicago, IL 60674 |
| Jill Worsley<br>1818 Mt. Diablo Blvd., Suite D<br>Walnut Creek, CA 94596 | |

**Request for Notice**

| | |
|---|---|
| Bank of the West<br>Robert B. Kaplan, Esq.<br>Walter W. Gouldsbury III, Esq.<br>Jeffer Mangels Butler, & Mitchell LLP<br>Two Embarcadero Center, 5th Floor<br>San Francisco, CA 94111 | Eric A. Nyberg, Esq.<br>Chris D. Kuhner, Esq.<br>Kornfield, Nyberg, Bendes & Kuhner, P.C.<br>1970 Broadway, Suite 2675<br>Oakland, CA 94612 |
| Frank T. Pepler<br>DLA Piper LLP (US)<br>555 Mission Street, Suite 2400<br>San Francisco, CA 94105 | McCarthy & Holthus, LLP<br>1770 Fourth Avenue<br>San Diego, CA 92101 |
| Deutsche Bank National Trust Company<br>c/o Darlene C. Vigil<br>Barrett Daffin Frappier Treder & Ieiss<br>20955 Pathfinder Rd., Ste. 300<br>Diamond Bar, CA 91765-4029 | Mark T. Domeyer, Esq.<br>Miles, Bauer, Bergstrom & Winters, LLP<br>1231 East Dyer Rd. 1100<br>Santa Ana, CA 92705-5643 |
| Edward Weber<br>Routh Crabtree Olsen, PS<br>1241 East Dyer Road, Ste. 250<br>Santa Ana, CA 92705-5611 | Matthew R. Clark<br>Casey J. O'Connell<br>Pite Duncan, LLP<br>4375 Jutland Drive Suite 200<br>PO Box 17933<br>San Diego, CA 92177-7921 |
| Mujeres Onidas y Activas<br>c/o Stephanie Willett<br>Morrison & Foerster<br>3548 18th Street, #23<br>San Francisco, CA 94110-1678 | Mujeres Unidas y Activas<br>c/o Morrison & Foerster LLP<br>Attn: Kristin A. Hiensch<br>425 Market Street<br>San Francisco, CA 94105·2482 |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

8
CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT WHITNEY'S MOTION TO DISMISS
BN 14261895v1

Case: 13-04079   Doc# 34   Filed: 06/13/13   Entered: 06/13/13 12:42:37   Page 8 of 10

| | |
|---|---|
| Capital One, N.A.<br>Joshua Scheer<br>Scheer Law Group<br>155 I Redwood Dr. 1100<br>San Rafael, CA 94903-1966 | Dean R. Prober<br>Prober and Raphael<br>20750 Ventura Blvd. 1100<br>Woodland Hills, CA 91364-6207 |
| Bayview Loan Servicinq, LLC,<br>c/o Edward G. Schloss<br>3637 Motor Avenue, Suite 220<br>Los Angeles, CA 90034-4884 | Jennifer Wong<br>McCarthy & Holthus, LLP<br>1770 Fourth Avenue<br>San Diego, CA 92101-2607 |

**Interested Parties**

| | |
|---|---|
| Timothy Brophy<br>395 Civic Drive, Suite J<br>Pleasant Bill, CA 94523-1951 | Pacific Trading Ventures, Ltd.<br>1818-D Mt. Diablo Blvd., Second Floor<br>Walnut Creek, CA 94596-4430<br>Attn: J.V. Worsley |
| Herzer Financial Mortgage Fund, LLC<br>Cheryl C. Rouse<br>Law Offices of Rouse and Bahlert<br>345 Franklin St.<br>San Francisco, CA 94102-4427 | Mary C.G. Kaufman<br>Early Sullivan Wright Gizer & McRae LLP<br>6420 Wilshire Blvd., 17th Floor<br>Los Angeles, CA 90048 |
| Damon Bowers<br>Private Capital Investments<br>3201 Danville Blvd., #170<br>Alamo, CA 94507 | Pacific Trading Ventures dba<br>Safe Storage Management Company<br>1818-D Mt. Diablo Boulevard, Second Floor<br>Walnut Creek, CA 94596 |
| Stephen Thomas Worsley<br>2458 Pamino Way<br>Pleasanton, CA 94566 | Randall Whitney<br>2783 East 12th Street<br>Oakland, CA 94601 |
| Roger W. Worsley<br>1997 Ascot Drive #B<br>Moraga, CA 94556 | Randall Whitney<br>1818 Mt. Diablo Blvd., Suite D<br>Walnut Creek, CA 94596 |
| Alameda County Treasurer & Tax Collection<br>1221 Oak Street<br>Oakland, CA 94612 | Jacol LLC et al<br>c/o The Bowers Group<br>3201 Danville Blvd. Suite 170<br>Alamo, CA 94507 |
| Private Mortgage Fund LLC<br>23586 Calabasas Road #100<br>Calabasas, CA 91302 | Randall Whitney<br>5215 Masonic Avenue<br>Oakland, CA 94618-2631 |

☑   **BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on **June 13, 2013**. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

9

CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT WHITNEY'S MOTION TO DISMISS
BN 14261895v1

Case: 13-04079   Doc# 34   Filed: 06/13/13   Entered: 06/13/13 12:42:37   Page 9 of 10

Randall Whitney
1818 Mt. Diablo Blvd., Suite D
Walnut Creek, CA 94596
randall@pacificthomas.com

☑ **BY EMAIL** On **June 13, 2013**, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on **June 13, 2013**, at San Francisco, California.

☑ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **June 13, 2013**, at San Francisco, California.

| Hallina Pohyar | /s/ Hallina Pohyar |
|---|---|
| | (Signature) |

BN 14261895v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

10
CHAPTER 11 TRUSTEE'S OPPOSITION TO DEFENDANT WHITNEY'S MOTION TO DISMISS
BN 14261895v1

Case: 13-04079    Doc# 34    Filed: 06/13/13    Entered: 06/13/13 12:42:37    Page 10 of 10